**Mark Alan HAYS, Plaintiff—Appellant,**

v.

**Officer Shane ANDERSON, Seattle Police Dept.; et al., Defendants—Appellees.**

**No. 10–35124.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 7, 2011.

Mark Alan Hays, Seattle, WA, pro se.

Stephen P. Larson, Esquire, Tobin Dale, Esquire, Karen Cobb, Stafford Frey Cooper, Seattle, WA, for Defendants–Appellees.

Before: HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Mark Alan Hays appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force and other violations. We have jurisdiction under 28 U.S.C. § 1291. We re-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view de novo, and may affirm on any basis supported by the record. *Henderson v. City of Simi Valley,* 305 F.3d 1052, 1055 (9th Cir.2002). We affirm.

The district court properly granted summary judgment to defendants Hanley and Huber on Hays's § 1983 excessive force claim because a judgment in Hays's favor would necessarily imply the invalidity of his convictions for assaulting and obstructing a police officer, and Hays has not shown that his convictions have been invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The district court properly dismissed the excessive force claim against defendants Anderson and Hagerty because Hays failed to raise a genuine dispute of material fact as to whether these officers made contact with him. *See Henderson,* 305 F.3d at 1061 (affirming summary judgment where evidence in support of excessive force claim was "woefully sparse").

The district court properly granted summary judgment on Hays's equal protection claim because Hays failed to raise a triable dispute as to whether he is a member of a protected class or whether any defendants acted with an intent to discriminate against him. *See Comm. Concerning Cmty. Improvement v. City of Modesto,* 583 F.3d 690, 702–03 (9th Cir.2009) (to state an equal protection claim, plaintiff must show that defendant purposefully discriminated against him based upon plaintiff's membership in a protected class).

The district court did not abuse its discretion in denying Hays's late-filed motion to compel discovery. *See Hallett v. Mor-*

*gan,* 296 F.3d 732, 751 (9th Cir.2002) (setting forth standard of review).

Issues not raised in the opening brief, including those regarding Hays's conspiracy claim under 42 U.S.C. § 1985, are deemed waived. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

Hays's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).